LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
JESSICA A. GREEN, ESQ.
Nevada Bar No. 12383
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
Telephone: (702) 382-1500
Facsimile: (702) 382-1512
jgarin@lipsonneilson.com
jgreen@lipsonneilson.com

*Attorneys for Defendant*
PORTFOLIO RECOVERY ASSOCIATES, LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| KIRBY SPENCER, | CASE NO.: |
| Plaintiff, | **PETITION FOR REMOVAL** |
| vs. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, A Foreign Limited-Liability Company and DOES I-X; and ROE CORPORATIONS, I-X, Inclusive, | |
| Defendant. | |

TO: THE UNITED STATES DISTRICT FOUR FOR THE DISTRICT OF NEVADA

TO: ALL INTERESTED PARTIES

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes the instant action under Case No. 14C008535 from the Justice Court of Clark County, State of Nevada (the "Action"), to the United States District Court for the District of Nevada. The removal of this case is based on the following grounds:

### I. Summary of Pleadings

1. On June 11, 2014, Plaintiff KIRBY SPENCER (hereinafter referred to as "Plaintiff"), filed a Complaint for Damages for Violation of The Telephone Consumer Protection

Act ("TCPA"), 47 U.S.C. § 227, et seq., against Defendant in the Justice Court of Clark County, Nevada. Defendant received notice of this action on or about July 8, 2014. A copy of all process and pleadings served in the state court action are attached as **Exhibit A**. No other pleadings have been filed.

## II. Nature of Complaint

Plaintiff's Complaint alleges that Defendant, on one or more occasions, contacted or attempted to contact Plaintiff's paging service, cellular telephone service, specialized mobile radio service, radio common carrier service, or any service for which the called party is charged for the call – using a facsimile transmission, text messages, automatic telephone dialing system, artificial or prerecorded voice, without Plaintiff's consent. The Plaintiff's sole cause of action asserted in the Complaint is Defendant's violation of § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act. Plaintiff requests judgment against Defendant for (a) actual damages, (b) statutory damages, (c) reasonable attorneys' fees and costs, and (d) any other relief deemed appropriate by this Honorable Court.

## III. Statement of Jurisdiction

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331 and which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that the Complaint asserts claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## IV. Timeliness of Removal

A notice of removal must be filed within 30 days after service of the pleading which makes the defendant become a party to the state action.[1] The thirty-day period for removal does not begin to run until a party has received a copy of the Complaint and has been properly served.[2] Here, Defendant accepted service on July 8, 2014. Therefore, this Petition for

---

[1] 28 U.S.C. § 1446(b).

[2] See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc, 526 U.S. 344, 347-48 (1999).

- 2 -

Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within one year of the commencement of this action and within thirty (30) days of the date that Defendant accepted service of the Summons and Complaint.

## V. Conclusion

Defendant has timely filed a notice of removal of an action for which this Court has original jurisdiction, and as such, the Action must be removed to this Court.

Defendant will also timely file a Notice of Removal of Action to U.S. District Court in the Justice Court, Clark County, Nevada, a true and correct copy of which is attached hereto as **Exhibit B**.

In filing this Petition for Removal, Defendant does not waive, and specifically reserves, all defenses, exceptions, rights, and motions. No statement herein or omission herefrom shall be deemed to constitute an admission by Defendant of ay of the allegations of or damages sought in Plaintiff's Complaint.

DATED this 25 day of July, 2014.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: _____
JOSEPH P. GARIN, ESQ. (Bar No. 6653)
JESSICA A. GREEN, ESQ. (Bar No. 12383)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500

*Attorneys for Defendant*
*PORTFOLIO RECOVERY ASSOCIATES, LLC*